J. S14039/20

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :     IN THE SUPERIOR COURT OF
                      :           PENNSYLVANIA
          v.            :
                      :
NAIKEI JENNINGS,           :         No. 261 EDA 2019
                      :
          Appellant     :

Appeal from the Judgment of Sentence Entered January 26, 2018,
in the Court of Common Pleas of Philadelphia County
Criminal Division at No. CP-51-CR-0001032-2017

BEFORE: BOWES, J., KING, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:     Filed: September 17, 2020

Naikei Jennings appeals from the January 26, 2018 judgment of sentence of two and one-half to five years' imprisonment imposed following the revocation of his probation. After careful review, we reverse appellant's conviction for failure to comply with sexual offender registration requirements, vacate his judgment of sentence, and remand for proceedings consistent with this memorandum.

Preliminarily, we note that the record reflects that appellant was convicted in three separate cases of crimes involving minors, including statutory sexual assault in 2006, unlawful restraint and aggravated assault in 2008, and unlawful contact with a minor and corruption of a minor in 2008. (Notes of testimony, 11/17/17 at 7-8; **see also** notes of testimony, 1/26/18 at 6.) There is no dispute that appellant was subjected to lifetime registration

requirements under Megan's Law III, 42 Pa.C.S.A. §§ 9791-9799.9 (expired Dec. 20, 2012). On November 28, 2016, the Commonwealth charged appellant with failure to comply with sexual offender registration requirements under 18 Pa.C.S.A. § 4915(a)(2) (failure to verify address), pursuant to Megan's Law III. On September 5, 2017, appellant pled guilty to the aforementioned charge, and the trial court sentenced him to a negotiated term of four years' supervised probation. (*See* notes of testimony, 9/5/17 at 12, 14; trial court order, 9/5/17.)[1]

The trial court summarized the facts underlying appellant's conviction as follows:

> One of the terms of [appellant's] probation was that he regularly provide an accurate address of residence to his parole officer for the purposes of Megan's Law Registration. 42 Pa.C.S.A. § 9799.15.
>
> [Appellant] misrepresented his address to his probation officer from his sentencing date forward. At

---

[1] Instantly, it is clear that the Commonwealth mistakenly charged appellant under Section 4915, for the crime of failing to register as a sex offender, at Subsection (a)(2) (failure to verify address), **after** it expired. Section 4915(a)(2) expired on December 20, 2012, when Megan's Law III expired, and was replaced by the Sexual Offender Registration and Notification Act ("SORNA"). On that date, Section 4915 was replaced by 18 Pa.C.S.A. § 4915.1. Nevertheless, the crime was never decriminalized, and Section 4915.1 served to re-enact Section 4915. **Compare** Section 4915(a)(1)-(3) and Section 4915.1(a)(1)-(3). Accordingly, we find that the incorrect citation to Section 4915(a)(2) constitutes a mere technical error that does not invalidate the bill of information, appellant's subsequent conviction, or his probation revocation and resentencing. **See** Pa.R.Crim.P. 560(C) ("The information shall contain the official or customary citation of the statute and section thereof, or other provision of law that the defendant is alleged therein to have violated; but the omission of or error in such citation shall not affect the validity or sufficiency of the information.").

his first meeting with probation on the date of his sentencing, he told his probation officer that he was living at [redacted address] in Philadelphia. When [appellant's] probation officer conducted a home visit to that residence on September 13, 2017, a mere eight days after [appellant's] guilty plea, there was no response. He later received a call from the actual owner of the home, [Ms. R.], who advised him that she did not know [appellant] and he did not live at that location. Documentation from the Board Revision of Taxes confirmed that [Ms. R.] maintained and took possession of the house in May 2017.

Trial court opinion, 5/21/19 at 1-2 (citations to notes of testimony omitted).

On November 17, 2017, the trial court conducted a violation of probation hearing and subsequently found appellant in technical violation of his probation. Thereafter, on January 26, 2018, the trial court revoked appellant's probation and sentenced him to two and one-half to five years' imprisonment in state custody. On February 5, 2018, appellant filed a motion for reconsideration of sentence, arguing that "[a]n error in judgment is insufficient to warrant a term of incarceration of two and one-half to five (2 ½ - 5) years without any further criminal activity." (Motion for reconsideration, 2/5/18 at 2, ¶ 6.) The trial court denied the motion without a hearing on February 23, 2018. Thereafter, appellant filed a notice of appeal with this court, which was ultimately quashed by this court as untimely. *See Commonwealth v. Jennings*, No. 857 EDA 2018, order of court (Pa.Super. filed June 25, 2018). On June 25, 2018, appellant filed a petition pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546, requesting the reinstatement of his direct appeal rights *nunc pro tunc*. On

January 9, 2019, the PCRA court granted appellant relief, and this timely appeal followed on January 22, 2019.[2]

Appellant raises the following issue for our review:

> Whether the [trial] court abused its discretion in sentencing [appellant] to 2.5-5 years in state prison for minor technical violations, and the sentence imposed by the [trial c]ourt was clearly unreasonable, manifestly excessive, unnecessary to vindicate the authority of the [trial c]ourt and unconscionable[?]

Appellant's brief at 9.

Prior to any consideration of this discretionary sentencing claim, we must first address the retroactive application of SORNA's reporting requirements to appellant, who committed the underlying sexual offenses between 2006 and 2008, prior to the enactment and effective date of SORNA. Such a scenario implicates the legality of appellant's sentence. Our supreme court has long recognized that "[a] challenge to the legality of a particular sentence may be reviewed by any court on direct appeal; it need not be preserved in the lower courts to be reviewable and may even be raised by an appellate court *sua sponte*." *Commonwealth v. Batts*, 163 A.3d 410, 434 (Pa. 2017) (citation omitted).

---

[2] The record reflects that on January 24, 2019, the trial court ordered appellant to file a concise statement of errors complained of on appeal, in accordance with Pa.R.A.P. 1925(b). Appellant filed a timely Rule 1925(b) statement on February 14, 2019, and the trial court filed its Rule 1925(a) opinion on May 21, 2019.

SORNA was enacted on December 20, 2011, and it became effective one year later, on December 20, 2012. In July 2017, our supreme court declared SORNA unconstitutional, as applied to defendants who committed sex offenses before SORNA's effective date. ***Commonwealth v. Muniz***, 164 A.3d 1189 (Pa. 2017), ***cert. denied***, ___ U.S. ___, 138 S.Ct. 925 (2018). ***Muniz*** involved a defendant who was convicted of indecent assault in 2007 and subject to a ten-year registration requirement pursuant to then-extant Megan's Law III. ***Id.*** at 1193. Muniz absconded prior to sentencing, and in 2014, he was apprehended, sentenced, and subjected to a lifetime reporting requirement under SONRA. ***Id.*** On appeal, the ***Muniz*** court held that SORNA was punitive, rather than civil, and that retroactive application of SORNA to pre-SORNA sexual offenders violates the ***ex post facto*** clauses of the United States and Pennsylvania Constitutions. ***Id.*** at 1218, 1223. In ***Commonwealth v. Wood***, 208 A.3d 131 (Pa.Super. 2019) (***en banc***), an ***en banc*** panel of this court further recognized that "for purposes of our ***ex post facto*** analysis, it is SORNA's effective date, not its enactment date, which triggers its application." ***Id.*** at 137; ***see also Commonwealth v. Lippincott***, 208 A.3d 143 (Pa.Super. 2019) (***en banc***) (holding that application of SORNA registration and reporting requirements to appellant violated ***ex post facto*** prohibitions, and remanding to trial court to determine appropriate registration and reporting requirements for appellant).

Here, it is uncontested that appellant committed the underlying sexual offenses in 2006 and 2008, long before both the enactment and effective date of SORNA. Thus, the registration requirements set forth in Section 4915.1 do not apply to him, and the retroactive application of SORNA is unconstitutional. *See Muniz*, *supra*; *Wood*, *supra*; *Lippincott*, *supra*. Accordingly, we reverse appellant's conviction for failure to comply with sexual offender registration requirements, vacate his judgment of sentence, and remand for the trial court to determine appellant's appropriate registration and reporting requirements.[3]

Conviction reversed; judgment of sentence vacated. Case remanded for further proceedings consistent with this memorandum. Jurisdiction relinquished.

---

[3] Following *Muniz* and *Commonwealth v. Butler*, 173 A.3d 1212 (Pa.Super. 2017) ("*Butler I*"), *reversed*, 226 A.3d 972 (Pa. filed March 26, 2020) ("*Butler II*"), the Pennsylvania General Assembly enacted legislation to amend SORNA. *See* Act of Feb. 21, 2018, P.L. 27, No. 10 ("Act 10"). Act 10 amended several provisions of SORNA, and also added several new sections found at 42 Pa.C.S.A. §§ 9799.42 and 9799.51-9799.75. In addition, the Governor of Pennsylvania signed new legislation striking the Act 10 amendments and reenacting several SORNA provisions, effective June 12, 2018. *See* Act of June 12, 2018, P.L. 1952, No. 29 ("Act 29"). Through Act 10, as amended in Act 29 ("SORNA II"), the General Assembly created Subchapter I, which addresses sexual offenders who committed an offense on or after April 22, 1996, but before December 20, 2012. *See* 42 Pa.C.S.A. §§ 9799.51-9799.75. Significantly, Subchapter I also includes a new "failure to register" provision for individuals who committed their offenses during this period. *See* 18 Pa.C.S.A. § 4915.2(f)(1). Thus, to the extent appellant is noncompliant with his registration requirements, the Commonwealth can pursue charges under Section 4915.2(f)(1) of SORNA II.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>9/17/20</u>